

FILED

DEC 0 6 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLEN JAMES POTTER, | Cause No. CV-18-145-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JIM SALMONSON, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Allen James Potter's application for writ of habeas corpus under 28 U.C.S. § 2254. Potter is a state prisoner proceeding pro se.

For the reasons detailed below it is recommended that the petition be denied because it does not survive deferential review under 28 U.S.C. § 2254(d), and a certificate of appealability should be denied.

## I.     28 U.S.C. § 2254 Petition

A state prisoner must exhaust all of his state court remedies before petitioning for a writ of habeas corpus in federal court, and his petition must be timely. 28 U.S.C. § 2254(b)(1)(A); 28 U.S.C. § 2244(d)(1). If a petitioner meets

these requirements, his claim can still be denied if his claim was adjudicated on the merits in State court proceedings, unless either 28 U.S.C. § 2254(d)(1) or (2) applies. Potter has met the timeliness and exhaustion requirement but does not meet either of the exceptions to § 2254(d). Therefore, his petition should be denied.

## II.    Factual and Procedural Background

Potter was convicted of felony aggravated assault in violation of Mont. Code Ann. § 45–5–202 on August 24, 2006. The district court also designated Potter as a Persistent Felony Offender (PFO). Potter was sentenced to twenty years without possibility of parole for aggravated assault and added an additional fifty years with twenty suspended for his PFO status.[1] Potter subsequently filed a petition for post-conviction relief claiming ineffective assistance of counsel, but the district court dismissed the petition failure to state a claim.

On February 12, 2013, Potter petitioned the Montana Supreme Court for a writ of habeas corpus relying on *State v. Gunderson* (*Gunderson II*), claiming that the State incorrectly double sentenced him by giving him a PFO sentence and a sentence for the aggravated assault to be served consecutively.[2] Because the State

---

[1] *See State v. Potter*, 2008 MT 381, ¶ 12, 347 Mont. 38, 197 P.3d 471.
[2] *See State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74, where the Montana Supreme Court held, ". . . sentences imposed on an offender's status as a persistent felony offender *replace* the sentence for the underlying felony." (emphasis in original).

conceded this argument, the case was remanded solely to correct Potter's sentence.[3]  On remand, the district court conducted a resentencing hearing and imposed a PFO sentence of seventy years, with twenty years suspended. Importantly, Potter did not advance a claim of ineffective assistance of counsel in his petition.[4]

On April 13, 2016, Potter filed another petition for postconviction relief, again asserting his ineffective assistance of counsel claim.  Potter argued that his counsel was ineffective in failing to call an expert witness to discuss Potter's relationship with the victim and how this relationship impacted his mental state. Potter claimed that this information was relevant to his sentencing.  Potter's petition was denied by the district court, which held that Potter's claims were "(1) record based, (2) fail to state a claim for relief, and (3) should be dismissed with prejudice."[5]

The district court reviewed the performance of Dave Stenerson, the counsel appointed to represent Potter at his resentencing, and found that Potter failed to prove he was entitled to relief.  The district court used the two-part test from *Strickland v. Washington*, 466 U.S. 668 (1984) to determine whether Stenerson

---

[3] *See Potter v. Frink*, OP 13–0126 Or. (Mont. March 27, 2013).
[4] *See Potter v. Frink*, OP 13–0126, Pet. (filed Feb. 12, 2013).
[5] *Potter v. Frink*, DV–16–342, Or. at 3 (June 13, 2016). The Clerk of Court will be directed to file a copy of the district court's order into the record of this case for purposes of clarity.

FINDINGS AND RECOMMENDATION – PAGE 3

provided ineffective assistance to Potter.  Ultimately, the district court found that Potter failed  to establish that Stenerson's performance was deficient, or that it prejudiced his right to a fair trial.  Additionally, the district court emphasized that the Montana Supreme Court remanded Potter's habeas petition to "correct a legal err in the original sentence—not to host a new fact-finding process with witnesses and expert testimony."[6]  The district court further found that "Stenerson's decision to limit his recommendation to legal argument and not call and expert witness fell within the range of reasonable, was not deficient and could not have prejudiced [Potter], as any request to re-open the factual record would have been beyond the scope of the Court's remand."[7]

Potter appealed to the Montana Supreme Court.  On May 23, 2017, the Montana Supreme Court affirmed the district court decision stating that Potter failed to meet the requirements for a petition for post-conviction relief under Mont. Code Ann. § 46–21–104(1)(c).  Potter did not provide affidavits, records, or other evidence establishing the existence of facts that would support his allegations of ineffective assistance of counsel.

---

[6] *Potter*, DV–16–343, Order at 6.
[7] *Id.* at 7.

FINDINGS AND RECOMMENDATION – PAGE 4

### III.   Potter's Claims

Potter is claiming ineffective assistance of counsel under the Sixth Amendment of the United States Constitution.  Potter asserts he directed his counsel that he wished to rely on Mont. Code Ann. § 46–14–311 at his resentencing. (Doc. 1 at 2).  Mont. Code Ann. § 46–14–311 addresses the consideration of mental disease, disorder, or developmental disability in sentencing.  Potter claims his counsel failed to call an expert witness to consider his relationship with the victim and how that impacted his mental state.  Potter stated that, if his attorney had conducted a reasonable investigation into whether to use an expert, his attorney would have discovered his "emotional state" and past diagnosis with a psychiatrist. (Doc. 1 at 2).  Because of this, Potter believes that his counsel provided ineffective assistance of counsel. *Id.*

### IV.   Analysis

Under 28 U.S.C. 2254(d), an application for a writ of habeas shall not be granted if it was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

According to *Harrington v. Richter*, 562 U.S. 86, 98 (2011), the federal court must decide whether § 2254(d) applies when a state court's order is "unaccompanied by an opinion explaining the reasons relief has been denied." Section 2254(d) bars relitigation of any claim that has been "adjudicated on the merits" in state court, unless §§2254(d)(1) or (2) applies. *Id.* There is not a requirement that there be an opinion from the state court explaining the state court's reasoning. *Id.*

Moreover, if there is an unexplained order, the federal court simply "looks through" the order to the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). As the United States Supreme Court states in *Ylst*, "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.* at 803. If the earlier opinion "fairly appears" to rest upon federal law, then the reviewing court "will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place." *Id.*

In regard to § 2254(d)(1), under *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003), "'[C]learly established Federal law' . . . is the governing legal principle or principles set forth by the Supreme Court [in its holdings] at the time the state court renders its decisions." If the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts

that are materially indistinguishable from a decision of [the] Court and

nevertheless arrives at a result different from [Supreme Court] precedent," then it

is contrary to clearly established federal law. *Williams v. Taylor*, 529 U.S. 362,

405–06 (2000). For a state court's decision to have resulted in an "unreasonable

application" of federal law, the state court decision has to be more than "incorrect

or erroneous." *Lockyer* at 75. The state court's application must be "objectively

unreasonable," in which the reviewing federal court may "not issue [a writ of

habeas corpus] simply because that court concludes in its independent judgment

that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly." *Williams* at 411.

With federal review, there is a highly deferential standard for state court

rulings which "demands that state-court decisions be given the benefit of the

doubt." *Renico v. Lett*, 559 U.S. 776, 773 (2010). The petitioner carries the burden

of proof for this standard, and it is "difficult to meet." *Cullen v. Pinholster*, 563

U.S. 170, 182 (2011). Lastly, for relief to be granted, "a state court merits ruling

must be so lacking in justification that there was an error . . . beyond any

possibility for fair minded disagreement." *Bemore v. Chappell*, 788 F.3d 1151,

1160 (9th Cir. 2015).

### A. The Montana Supreme Court and district court reasonably applied federal law in dismissing Potter's ineffective assistance of counsel claim.

The Montana Supreme Court affirmed the district court's dismissal of Potter's petition, stating that, "Petitions for postconviction relief must be based on something more than 'mere conclusory allegations.'" *Potter v. Montana*, 2017 MT 120N, *quoting Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120. The Montana Supreme Court held that Potter's petition did not meet the requirements set out in Mont. Code Ann. § 46–21–104,[8] and the Court mainly focused on the requirements in that statute. The Montana Supreme Court referred to the district court's findings of fact, stating the findings of fact were "not clearly erroneous." *Potter v. Montana*, 2017 MT 120N at 4. Additionally, the Montana Supreme Court held that the district court applied the law correctly. *Id.*

Because the district court explained its reasoning more thoroughly, the reviewing federal court can "look through" the Montana Supreme Court's memorandum to review the district court's discussion. *See Ylst* at 803–04. The

---

[8] Mont. Code Ann. § 46–21–104 states:
(1) The petition for postconviction relief must:
> (a) identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and clearly set forth the alleged violation or violations;
> (b) identify any previous proceedings that the petitioner may have taken to secure relief from the conviction; and
> (c) identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.

district court analyzed Potter's ineffective assistance of counsel claim, in which Potter must have shown that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Potter must have shown that his counsel performed deficiently and that this deficient performance resulted in prejudice to Potter.

According to *Strickland*, "Judicial scrutiny of counsel's performance must be highly deferential." 466 U.S. 668, 689. Counsel has a duty to make "reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. A court must consider whether counsel's decisions were reasonable in all the given circumstances, and it must apply a "heavy measure of deference to counsel's judgments." *Id.* If the counsel's actions are based on "informed strategic choices" based on information supplied by the defendant of a case, they are likely not unreasonable, as the defendant's counsel has liberty to make strategic choices on the defendant's behalf. *Id.* As stated in *Strickland*, "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not be later challenged as unreasonable." *Id.*

Following the standard set forth in *Strickland*, the district court correctly found that Stenerson's decision not to call in an expert witness in regard to Potter's resentencing was not deficient, and it did not deprive Potter of a fair trial. *Potter*, DV–16–342, Or. at 6, 7.  The district court stated that "a finding that an attorney could have done a 'better' or 'more thorough' job and that a defendant may have suffered some prejudice as a result is not the equivalent of ineffective assistance of counsel pursuant to *Strickland*."  According to *Strickland*, the defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

For the second prong of *Strickland*, the district court reasoned that the main purpose of the Montana Supreme Court's remand to the district court was to correct a legal err in the original sentence, "not to host a new fact-finding process with witnesses and expert testimony." *Potter*, DV–16–342, Or. at 6.  The district court stated that, per the Montana Supreme Court's instructions, the district court replaced the statutory sentencing range with the range defined under the PFO law and only imposed one sentence instead of two. *Id.* at 7.  Thus, Stenerson limiting his recommendation solely to legal argument and not bringing in an expert witness was within the range of reasonable and was not deficient, as "any request to re-open the factual record would have been beyond the scope of the Court's remand." *Id.*

The district court and Montana Supreme Court clearly explained each court's reasoning, and it cannot be found as "objectively unreasonable" under *Williams*. The state district court explicitly followed *Strickland* in its analysis of the ineffective assistance of counsel claim and did not come to a different result of Supreme Court precedent. Additionally, because there is a deferential standard for state court rulings, this Court must give the state court the "benefit of the doubt" in its decisions unless there is an error "beyond any possibility for fair minded disagreement." *Renico* at 773; *Bemore* at 1160. The state courts made no error beyond any possibility for fair minded disagreement, used sound reasoning based on federal law, and thus the federal court must uphold the deferential standard for the state court ruling.

As explained above, this Court finds the state courts made a reasonable determination that Potter did not receive ineffective assistance of counsel at his resentencing hearing. Neither of the two exceptions of 28 U.S.C. § 2254(d) apply in this situation, and therefore his claim should be denied.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability (COA) should be issued as to those claims on which a petitioner makes a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Mr. Potter has not made a substantial showing of denial of a constitutional right.  There are no close issues or reasons to encourage further proceedings.

Based upon the foregoing, the Court makes the following:

## ORDER

The Clerk of Court is directed to file a copy of the state district court Order on Petition for Post-Conviction Relief in *Potter v. State*, DV–16–342, into the record in this matter.

## RECOMMENDATION

1.  Mr. Potter's petition, (Doc. 1), should be DENIED, as his claim does not survive deferential review under 28 U.S.C. § 2254(d).

2.  The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Potter may object to this Findings and Recommendation within 14 days.[9] 28 U.S.C. § 636(b)(1).  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Potter must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of December, 2018.

Jeremiah C. Lynch
United States Magistrate Judge

---

[9] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

FINDINGS AND RECOMMENDATION – PAGE 13