IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| ALLEN JAMES POTTER, | CV 18–145–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSON, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendation (Doc. 7) on December 6, 2018, recommending that Petitioner Allen James Potter's Petition for Habeas Corpus (Doc. 1) be denied because it does not survive deferential review under 28 U.S.C. § 2254(d). Potter, a state prisoner proceeding pro se, timely filed objections (Doc. 10). Accordingly, he is entitled to de novo review of those specific issues that are "properly objected to." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting a legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at

1

*2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or incorporate those arguments by reference." *Id.* As the purpose of the magistrate is to promote efficient use of judicial resources, "there is no benefit if the district court [] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate." *Id.* (citation omitted). If the objecting party fails to make a proper objection, "this Court follows other courts that have overruled the objections without analysis." *Id.*

Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Finding that Potter's habeas corpus petition had met the requirements for timeliness and exhaustion of state court remedies, Judge Lynch based his recommendation for denial of Potter's application for a writ of habeas corpus on its failure to meet the requirements enumerated in 28 U.S.C. § 2254(d)(1) and (2). These exceptions state a writ of habeas corpus shall not be granted unless the petitioner can show the state court's decision "was contrary to, or involved an

2

unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)(2). Judge Lynch thoroughly analyzed the state courts' rulings under a "highly deferential standard," which "demands that state-court decisions be given the benefit of the doubt," and he found that neither exception had been met and denial of the application was appropriate. *Renico v. Let*, 559 U.S. 776, 773 (2010).

Potter's objections to Judge Lynch's findings and recommendations are not based on a misapplication of the standards found in 28 U.S.C. § 2254(d)(1) and (2) or the deferential standard given the states' rulings. Potter's objections contain no valid legal argument responding to Judge Lynch's findings and recommendation and cite no authority. Instead his objections are an attempt to relitigate the arguments already heard and denied by the state district court and the Montana Supreme Court, which Judge Lynch found could not support habeas relief. An objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009)(citation omitted). Finding that Potter has not properly objected to the magistrate's findings and recommendations, the Court dismisses

Potter's objections without further analysis and reviews Judge Lynch's findings and recommendations for clear error. Finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 7) is ADOPTED IN FULL and Potter's Petition (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a judgment of dismissal by separate document.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 1st day of February, 2019.

Dana L. Christensen, Chief Judge
United States District Court